UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>PACT, INC., a Delaware corporation;<br><br>YIFAN ZHANG, individually and as an officer of PACT, INC.; and<br><br>GEOFFREY OBERHOFER, individually and as an officer of PACT, INC.,<br><br>Defendants. | Case No. 17-cv-1429<br><br>**STIPULATION AND [redacted] ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for a permanent injunction and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404. The Commission and Defendants stipulate to the entry of this Stipulated Order For Permanent Injunction And Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants have participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with charging consumers using the mobile telephone application that Defendants have advertised, marketed, promoted, or distributed.

3. The Complaint further charges that Defendants have unlawfully charged consumers for the mobile telephone application service that Defendants have advertised, marketed, promoted, or distributed, in violation of Section 4 of the Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8403.

4. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

5. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

6. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "App" means any software application or code that can be transmitted to a mobile device. "App" shall also include any software referred to by the Company as an "App" or "Mobile App" in the course of its own communications or business practices.

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

B. **"Billing Information"** means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

C. **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.
2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.
3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.
4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.
5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

  6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D. **"Current consumer"** means consumer whose account with Pact, Inc. had not been deleted as of June 30, 2017.

E. **"Close Proximity"** means immediately adjacent to the triggering representation. In the case of advertisements disseminated verbally or through audible means, the disclosure shall be made as soon as practicable after the triggering representation.

E. **"Defendants"** mean all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

1. **"Corporate Defendant"** means Pact, Inc. and its successors and assigns.

2. **"Individual Defendants"** means Yifan Zhang and Geoffrey Oberhofer.

F. **"Negative Option Feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

**ORDER**

**I. PROHIBITION AGAINST MISREPRESENTATIONS**

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, distributing, or offering for sale any app or software are permanently restrained and enjoined from misrepresenting expressly or by implication:

A. The circumstances under which they will charge consumers;

B. The circumstances under which consumers will receive any benefits, payments, or rewards; or

C. Any other fact material to consumers concerning any app or software such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## II. PROHIBITION AGAINST UNFAIR BILLING PRACTICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, distributing, or offering for sale any app or software, are permanently restrained and enjoined from charging consumers without having obtained the consumers' express, informed consent.

## III. REQUIRED DISCLOSURES RELATING TO NEGATIVE OPTION FEATURES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are

permanently restrained and enjoined from obtaining Billing Information from a consumer for any transaction involving a good or service that includes a Negative Option Feature, without first disclosing Clearly and Conspicuously and in Close Proximity to the consumers' provision of Billing Information:

A. That the consumer will be charged for the good or service, and, if applicable, that the charges will be on a recurring basis, unless the consumer timely takes steps to prevent or stop such charges;

B. The amount (or range of costs) the consumer will be charged or billed and, if applicable, the frequency of such charges unless the consumer timely takes steps to prevent or stop them;

C. The deadline (by date or frequency) by which the consumer must act in order to stop all recurring charges;

D. The name of the seller or provider of the good or service;

E. A description of the good or service; and

F. The mechanism to stop any recurring charges.

## IV. PROHIBITION AGAINST VIOLATIONS OF RESTORING ONLINE SHOPPERS CONFIDENCE ACT

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any good or service, are permanently restrained and enjoined from violating the Restore Online Shoppers' Confidence Act, 15 U.S.C. §§ 8401-05, a copy of which is attached.

## V. MONETARY JUDGMENT AND PARTIAL SUSPENSION

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

IT IS FURTHER ORDERED that:

A. Judgment in the amount of One Million Five Hundred Thousand dollars ($1,500,000) is entered in favor of the Commission against Defendants as equitable monetary relief.

B. Defendants are ordered to pay Nine Hundred Forty-Eight Thousand Seven Hundred Eighty-Eight dollars ($948,788.00) ("Payment Amount") as follows:

1. Defendants shall remit the Payment Amount within thirty (30) days of entry of this Order to consumers who have complained about charges, consumers whom Defendants have reason to believe were charged improperly, or consumers who have earned but not yet received money from Defendants. Provided, however, that Defendants shall first pay each current consumer any portion of the Payment Amount that has been credited to the consumer's account with Defendants, but which the consumer has not yet been paid. All such payments to current consumers beginning on June 30, 2017 shall be credited toward the Payment Amount.
2. If Defendants fail to remit the Payment Amount to consumers within thirty (30) days of the entry of this Order pursuant to Subsection B.1, Defendants shall remit the balance of that amount to the Commission within thirty-two (32) days of the entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.
3. Within thirty-two (32) days of the date of service of this Order, Defendants shall provide records to the Commission sufficient to show all payments made pursuant to this Section.

Upon such payments, the remainder of the judgment is suspended, subject to the Subsections below.

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

C. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. the Financial Statement of Pact signed by Yifan Zhang on April 26, 2017 (erroneously dated April 26, 2016 on the document itself), including the attachments;

2. the additional documentation submitted by email from Defendants' counsel John Greene to Commission counsel Jason Schall, dated April 18, 2017, attaching Pact's 2013 tax return, Pact's 2014 tax return, Pact's 2015 tax return, Pact's 2015 California tax payment, Pact's 2015 efile forms, Pact's December 2016 Management Report, Pact's February 2017 Management Report, Pact's December 2015 Management Report, and an Excel spreadsheet entitled "Pact FS Dec 14";

3. the Financial Statement of Yifan Zhang signed June 30, 2017;

4. the updated financial statement of Yifan Zhang signed July 17, 2017;

5. the Financial Statement of Geoffrey Oberhofer signed June 30, 2017;

6. the updated financial statement of Geoffrey Oberhofer signed July 17, 2017;

7. the additional documents submitted by email from Defendants' counsel John Greene to Commission counsel Katharine Roller, dated June 30, 2017, attaching Individual Defendants' 2014, 2015 and 2016 tax returns, Individual Defendants' bank account statements, Pact's 2016 tax return, Pact's May 31, 2017 Management Report, Individual Defendants' mortgage applications, and Individual Defendants' escrow account documents.

D. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A. above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VI. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII. CUSTOMER INFORMATION AND NOTIFICATION

IT IS FURTHER ORDERED that:

A. Defendants, Defendants' officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. Defendants represent that they have provided this redress information to the Commission. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B. Defendants shall, within two (2) days of entry of this order, provide notices in the forms set forth in Appendix A-1, A-2, and A-3 to each current consumer whose account with Corporate Defendant has an outstanding credit, and the notice in the form set forth in Appendix A-4 to each

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

current and former customer of Corporate Defendant. The notices cannot be modified, or combined with other text or information, unless a representative of the Commission agrees in advance in writing to such modifications. Defendants shall make no other representation(s) contrary to, inconsistent with, or in mitigation of, the notices, including, but not limited to, representations discouraging customers from seeking refunds or rewards, indicating that customers might not be able to get refunds or rewards, or that refunds or rewards will be difficult to obtain.

## VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 3 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the marketing, promotion, offering for sale, or sale of any app or software; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

Order.

## IX. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that such Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.
2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to

the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Pact, Inc.*

## X. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

## XI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Defendants. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with Defendants who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

DATED this 5th day of October, 2017.

UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED, AND PRESENTED BY:

FOR PLAINTIFF:

FEDERAL TRADE COMMISSION

/KR

Jason Schall, Attorney
Federal Trade Commission
Washington, DC 20580
202-326-2251
202-326-3768
jschall@ftc.gov

FOR DEFENDANTS:

Date: 8-15-2017

Sean Moynihan
Klein Moynihan Turco, LLP
450 7th Avenue, 40th Floor
New York, NY 10123
212-246-0900
smoynihan@kleinmoynihan.com
*Counsel for Paci, Inc.*

STIPULATED ORDER

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

16

**DEFENDANTS: Pact, Inc., Yifan Zhang, and Geoffrey Oberhofer**

Date: 8/11/17

Yifan Zhang, individually and as an officer of Pact, Inc.

Date: 8/11/17

Geoffrey Oberhofer, individually and as an officer of Pact, Inc.

Federal Trade Commission
600 Pennsylvania Avenue, NW CC-10232
Washington, DC 20580
(202) 326-2251

## Appendices

Defendant shall send out the foregoing notices pursuant to Section V of this order. In each instance, it shall replace "<Date>" with the date that occurs 28 days after order entry and shall replace "<User>" with the name of each recipient.

Appendix A-1: EMAIL NOTICE TO CURRENT CONSUMERS

**Subject line of email:** Withdraw Your Pact Rewards Now

Dear <User>,

We must send you all your reward money as a result of a settlement with the Federal Trade Commission.

If we don't have your PayPal info by <Date>, we can't get your money to you. Please update or provide your PayPal account info right away. Just open the Pact app, and go to Settings → Rewards.

OR

By <Date>, withdraw your rewards money yourself, even if it's less than $10. Simply open the app and tap Settings, then Rewards, then withdraw your money just like usual. If you have problems withdrawing your rewards, contact us at https://www.pactapp.com/contact/form or through the app.

For more information, or if you don't get your money by <Date>, visit www.ftc.gov/Pact.

Appendix A-2: PUSH NOTIFICATION NOTICE (CURRENT CONSUMERS ONLY)

Withdraw your Pact reward money now as part of a settlement with the FTC. You have until <Date> to update your PayPal info to get your money. Go to Settings → Rewards in the Pact app.

Appendix A-3: APP POP-UP NOTICE (CURRENT CONSUMERS ONLY)

Get your Pact reward money now as part of an FTC settlement! By <Date>, update your PayPal info by going to Settings → Rewards in the Pact app. And if you don't want to wait for <Date>, you can withdraw your rewards yourself, even if it's less than $10. Visit ftc.gov/Pact for more details.

Appendix A-4: EMAIL NOTICE TO CONSUMERS WHO COMPLAINED ABOUT CHARGES OR WERE CHARGED IMPROPERLY

**Subject line of email:** Refunds for Pact Users

Dear <User>,

You may be eligible for a refund from Pact as a result of a settlement with the Federal Trade Commission.

If you believe Pact charged you incorrectly, or didn't give you credit for reward money that you earned, you can request a refund by following these steps by <Date>:

1. Go to http://www.pactapp.com/refunds,

2. Enter your Pact account email. If the payment method that you used with Pact has expired, enter your current PayPal account email.

Please note that Pact can only refund you for charges that have not been refunded already.

For more information, or if you have problems getting your refund, visit www.ftc.gov/Pact.